**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BRET A. CHAMBERS,** | ) | |
|     **PLAINTIFF,** | ) | |
| | ) | |
| **VS.** | ) | **CIVIL ACTION NO.  08-247** |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **NCO FINANCIAL SYSTEMS INC.** | ) | **UNLAWFUL DEBT COLLECTION** |
|     **DEFENDANT.** | ) | **PRACTICES** |

## COMPLAINT

### I. INTRODUCTION

1.     Plaintiff Bret A. Chambers alleges that Defendant engaged in abusive, deceptive, and unfair acts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA").

### II. JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1337.   Venue in this District is proper in that the Defendant transacted business here and the conduct complained of occurred here.

### III. PARTIES

3.     Plaintiff is a natural person residing in the County of St. Charles, State of Missouri.

4.     Defendant NCO Financial Systems Inc. (hereinafter referred to as "NCO") is a Pennsylvania Corporation, doing business in the State of Missouri. NCO's Registered Agent is The Corporation Company, 120 South Central Ave., Clayton, Missouri 63105.

5.     Defendant is engaged in the collection of debts from consumers using the mail, facsimile transmission and telephone.  Defendant regularly attempts to collect consumer debts it purchases after default and/or consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.     The acts of Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

## IV. FACTUAL ALLEGATIONS

7.     Plaintiff was involved in an automobile accident on September 7, 2004 in Live Oak, Florida.  At the time of the accident, Plaintiff was employed as a Senior Claims Representative by the Firemen's Fund Insurance Companies, and was acting in the course and scope of his employment.  He was working temporarily in the State of Florida on an emergency basis due to severe storms which had passed through Florida earlier in 2004. Plaintiff was at all times mentioned herein a permanent resident of the State of Missouri.

8.     Plaintiff sustained certain personal injuries as a result of the accident in question, and was transported to the Emergency Room at Winter Park Hospital in Suwanee County, Florida wherein he was admitted and received treatment.

9.     Given the fact that accident in question occurred while Plaintiff was in the course and scope of his employment with Firemen's Fund Insurance Company at the time of this accident, Plaintiff pursued a Missouri Workers Compensation Claim against his employer and its workers compensation insurance carrier, ESIS Insurance Company.

10.     While he was hospitalized at Winter Park Hospital in Suwanee County, Florida, Plaintiff received treatment from the attending emergency room physician, and he received a bill from "Florida Emergency Physicians" in the amount of $234.00.  The bill was directed to plaintiff.

11.     Plaintiff's Workers Compensation Attorney demanded that Plaintiff's employer and/or its insurer pay the bill in question as required by the applicable Missouri Workers Compensation law.

12.     Representatives of ESIS Insurance Company paid the bill in question on behalf of Plaintiff and his employer as requested.  A check in the amount of $234.00 was forwarded to Florida Emergency Physicians on May 16, 2005 and said check was negotiated and paid on May 23, 2005.

13.     Plaintiff settled his workers compensation claim on September 21, 2005 with a good faith belief that all of his outstanding medical bills for authorized treatment had been paid, including the bill which had been issued by Florida Emergency Physicians.

14.     Plaintiff received a collection notice from Defendant dated May 29, 2006 seeking payment on the Florida Emergency Physicians claim in the amount of $234.00.  A copy of said collection notice has been marked as Plaintiff's Exhibit A and attached hereto.

15.     Plaintiff's Workers Compensation Attorney responded to the collection notice by forwarding correspondence to Defendant on July 21, 2006.  Said correspondence advised Defendant and its representatives that representatives of the Workers Compensation insurance company had confirmed that the bill had been paid, and that this information had been communicated by phone to Defendant's representatives by phone earlier that day.  A copy of said correspondence has been marked as Plaintiff's Exhibit B and is attached hereto.

16.     Representatives of Defendant responded to Plaintiff's attorney's correspondence on August 15, 2006.   Defendant's representative, Angela Kimble, acknowledged that the account was "closed," and that all negative credit reporting associated with this account would be withdrawn.  A copy of said correspondence has been marked as Exhibit C and is attached hereto.

17.     Defendant forwarded another collection notice to Plaintiff dated October 16, 2007, seeking payment in the amount of $234.00 on behalf of Florida Emergency Physicians. A copy of said collection notice has been marked as Exhibit D and is attached hereto.

18.     Subsequent to receiving the October 16, 2007 notice, Plaintiff made an inquiry to representatives of the Workers Compensation Insurance carrier, concerning the status of the bill/claim.  Plaintiff received an email message from Peggy M. Rainey of ESIS confirming that payment on this particular bill had been forwarded on May 16, 2005, and that the check had bee paid on May 23, 2005.

19.  Plaintiff obtained a copy of his Experian Credit Report on January 18, 2008, and found that the debt in question was being shown as due and owing and more than 180 past due by Defendant.

## CAUSE OF ACTION

## VIOLATIONS OF THE FDCPA

20.     Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and re-alleged.

21.     Defendant's actions violated the FDCPA.  The violations include, but are not limited to, the following:

> (a)     Defendant violated 15 U.S.C. § 1692e(2)(A) when it forwarded correspondence to Plaintiff dated October 16, 2007 seeking to collect on a debt which had been paid and did not legally exist at the time the collection letter was sent;
>
> (b)     Defendant violated 15 U.S.C. § 1692e(8) when it listed the Florida Emergency Physicians debt in the amount of $234.00 as a debt which was due and owing and more than 180 days past due with the credit reporting agencies, including Experian when it knew or should have known that the debt in question had been paid and was no longer legally due;
>
> (c)  Defendant's actions violated 15 U.S.C. § 1692f as they were unfair and unconscionable means to collect the debt.

22.     As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.  Actual damages;

B.  Statutory damages pursuant to 15 U.S.C. § 1692k;

C.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

D.  For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**


/s/ Bret A. Chambers
**Bret A. Chambers**




Respectfully submitted,

**SWANEY, RAM & WAYMAN**

/s/ Robert T. Healey
Robert T. Healey
EDMO # 3356; Missouri Bar #34138
Attorney at Law
3460 Hampton, Suite 205
St. Louis, MO 63139
rhealey@stlinjurylawyer.com
telephone: (314) 481-7778
fax:  (314) 481-8479